IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-24 Erie |
| | ) | |
| GREGORY DOYLE | ) | |

**SENTENCING MEMORANDUM**

AND NOW, comes Gregory Doyle, by his attorney, Jay J. Finkelstein, Assistant Federal Public Defender, and respectfully files this Sentencing Memorandum on behalf of Gregory Doyle.

**This is a dated offense from 2014-2016 and Mr. Doyle has engaged in post conduct rehabilitation for over 5 years. He has been gainfully employed, taken care of his daughter and complied with all the conditions of his bond. Counsel submits that due to the extraordinary circumstances of this case, a sentence of probation along with conditions set by the Court is sufficient but not greater than necessary.** In support thereof, counsel states:

On **August 10, 2016:**

- Mr. Doyle was arrested and charged with possession of child pornography from July 2014 to July 2016.

- Mr. Doyle was placed on bond August 10, 2016 and, as noted in the Presentence Report, has complied with all conditions of his bond for

over 5 years. He is no longer the individual from 2014 that downloaded child pornography from a file sharing program. He has successfully engaged in post conduct rehabilitation. *See, Pepper v. United States,* 562 U.S. 476 (2011).

- Mr. Doyle has remained gainfully employed full time during more than five years on bond.

- Mr. Doyle is a 58-year-old that has no countable prior criminal history and his only other cases involve driving license issues.

- Mr. Doyle is the sole support of his daughter. A sentence of incarceration will mean the loss of Mr. Doyle's job and the possible displacement of his daughter.

- Mr. Doyle suffers from diabetes and diabetic myopia requiring monthly injections in each eye. His condition makes him more susceptible to COVID-19 if incarcerated.

- The advisory guideline range is 63-78 months. As recognized by Title 18 U.S.C. §3553(a), a sentence must be sufficient but not greater than necessary to meet the goals of sentencing

- The Guidelines in child pornography cases are overly punitive and are not the product of empirical data and national experience. As the Court is well aware, this Court, and judges across the country and within this District have routinely varied below the Guidelines

prescribed by U.S.S.G. § 2G2.2 because the Sentencing Commission was repeatedly directed by Congress to adopt more punitive enhancements for offense characteristics that are nearly ubiquitous in all child pornography cases. As set forth in detail below, enhancements for use of a computer (§ 2G2.2(b)(6)) and number of images (§G2.2(b)(7)) are applicable and other enhancements apply in nearly every child pornography case because the offense has effectively become an internet crime where thousands of illicit images can be (and are often) downloaded in one click. Accordingly, the Court should vary downward to a sentence of probation with a period of home detention and other conditions set by the Court.

- The United States Supreme Court found a sentence of probation is punishment. *See Gall v. United States,* 552 U.S. 38 (2007) (a sentence of probation is "a substantial restriction of freedom."). Although "custodial sentences are qualitatively more severe than probationary sentences of equivalent terms, offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty.... Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes,

refrain from associating with any person convicted of a felony, and refrain from excessive drinking.... Most probationers are also subject to individual 'special conditions' imposed by the court."

As also noted by Judge Frederic Block of the Eastern District of New York in *U.S. v. Nesbeth*, 2016 U.S. Dist. Lexis, 68731, p. 6-7 (E.D.N.Y. May 24, 2016), the Court should consider the collateral consequences of a felony conviction, "the notice of "civil death" – or "the loss of rights." As further noted by Judge Block:

> Today, the collateral consequences of a felony conviction form a new civil death. Convicted felons now suffer restrictions in broad ranging aspects of life that touch upon economic, political, and social rights. In some ways, "modern civil death is harsher and more severe" than traditional civil death because there are now more public benefits to lose, and more professions in which a license or permit or ability to obtain a government contract is a necessity.

There is no question that a sentence of probation is still significant punishment for Mr. Doyle.  He now is a convicted felon, a status that will stay with him for the rest of his life.  Moreover, he will be required to register under Megan's Law and to comply with all of the onerous conditions related to this.

**The Advisory Guideline Range**

Mr. Doyle has zero criminal history points; thus, he falls into Criminal History Category I. (PSR at ¶ 24). Under the Guidelines, the base offense level is 18. Two levels are added because the offense involved the use of a computer. Two levels are added because some of the material involved a minor who had not attained the age of 12 years. Two levels are added for passive distribution. Five levels are added because the offense involved 600 or more images. After a three-point reduction for pleading guilty, the final advisory range is 63 to 78 months.

The Third Circuit has recognized that the guideline section that applies to child pornography offenses like the instant case, "was not developed pursuant to the Commission's institutional role and based on empirical data and national experience." *United States v. Grober*, 624 F.3d 592, 608 (3d Cir. Oct. 26, 2010); *see also United States v. Dorvee*, 616 F.3d 174, 184(2d Cir. 2010); *United States v. Tutty*, 612 F.3d 128, 133 (2d Cir. 2010).

In this case, Mr. Doyle should be sentenced to significantly below the advisory guideline range because, based upon the reasoning in *Kimbrough, Dorvee,* and *Grober,* the child pornography guidelines are not the result of careful review of empirical data and national experience, and they mandate application of a number of "enhancements" that apply in nearly every case. As a result, they provide virtually no distinction between a first-time offender and more culpable defendants.

5

As set forth below, the specific offense characteristics applicable in this case are applicable in nearly all child pornography cases; thus, they do nothing to distinguish this offense. The applicable, and "essentially inherent" enhancements that "apply in nearly every case." *See United States v. Grober*, 624 F.3d 592, 597 (3d Cir. 2010); *see also United States v. Dorvee*, 616 F.3d 174, 187 (3d Cir. 2010) ("[M]any of the § 2G2.2 enhancements apply in nearly all cases.").

### The "use of a computer" enhancement is double counting and overstates seriousness of the offense.

Numerous courts have acknowledged that the computer enhancement should not be applied. This enhancement applies in almost all § 2G2.2 cases.1 "The Internet has become the typical means of obtaining child pornography, and Internet child pornography cases are essentially the only kind of child pornography crime prosecuted in federal court." *United States v. Howard*, 2010 WL 749782, at *10 (D. Neb. 2010).

This enhancement also has a "flavor of impermissible 'double counting'- because it effectively 'increase[s] a defendant's sentence to reflect the kind of harm that has already been fully accounted for' by the base offense level or other

---

1 In 2014, the use of a computer enhancement applied in 94.9% of cases under U.S.S.G. 2G2.2. *See* U.S. Sentencing Commission, Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2014 at 43.

6

enhancements." *United States v. Tutty*, 612 F.3d 128, 132 (2d Cir. 2010). As such, the computer enhancement should be disregarded, especially here, where the images were not even stored on a computer.

### The number of image enhancement lacks empirical support, is not justified by the commission's expertise, and overstates the offense seriousness

Enhancements for use of a computer and number of images "are unsupported by empirical research, skew almost all child pornography receipt and possession cases upward and fail to provide meaningful separation of offenders." *See United States v. Marshall*, 870 F. Supp. 2d 489, 493-94 (N.D. Ohio 2012).

Unlike quantity-based enhancements in a drug-distribution scheme, in child pornography cases, "the number of images does not provide the distinction between a large-scale and a small-scale child pornography purveyor that Congress and the Sentencing Commission must have envisioned when promulgating this market-based and quantity-driven scheme." *Howard*, 2010 WL 749782 at \*10. *See also United States v. Hanson*, 561 F. Supp. 2d 1004, 1009 (E.D. Wis. 2009) ("[G]iven the unfortunate ease of access to this type of material in the computer age, compiling a collection with hundreds of images is all too easy."). "Whatever connection there may be between a defendant's relative guilt and the number of images he possesses, an enhancement of up to five levels overstates that connection." *Howard*, 2010 WL 749782 at \*10. Thus, the "enhancements for use of a computer and number of images lack value as a reliable proxy for culpability and are a poor gauge of relative

7

levels of fault between offenders." *Id.* Thus, the five-level enhancement overstates the seriousness of the offense.

### The enhancements for images of prepubescent children and for distribution overstate the seriousness of the offense.

Like the enchantments for use of a computer and number of images, the two-level enhancement for depictions of children under the age of 12 and the two-level enhancement for distribution because they are present in virtually every case. In fiscal year 2014, for instance, the two-level enhancement for images of a victim under the age of 12 applied in 95.4% of cases falling under U.S.S.G. § 2G2.2. *See* U.S. Sentencing Commission, Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2014 at 42. Because these enhancements apply so frequently, they fail to differentiate offenders in child pornography possession cases and, thus, fail to provide sentencing courts with meaningful specific offense characteristics.

### The Need to Avoid Unwarranted Disparities

This Court, when determining the sentence to impose, must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). So many courts across the country sentence outside the guideline range suggested by

U.S.S.G. § 2G2.2 now that such sentences may be becoming more likely in § 2G2.2 cases than are guideline range sentences.  *See, United States v. McElheney*, 630 F.Supp.2d 886, 895 (E.D. Tenn. 2009).

**Purposes of Sentencing**

A sentence below the advisory guideline range also comports with the purposes of sentencing, as set forth in § 3553(a)(2).   Indeed, consideration of the first enumerated purposes of sentencing -- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and to afford adequate deterrence to criminal conduct -- weighs in favor of imposing a sentence far below the advisory guidelines range. Possessing child pornography is a serious offense.   However, "Respect for the law is promoted by punishments that are fair, however, not those that simply punish for punishment's sake." *United States v. Stern*, 590 F.Supp.2d 945, 956-57 (N.D. Ohio Dec. 19, 2008) (emphasis in original, citations omitted).   A sentence that is too high promotes disrespect for the law just as a sentence that is too low.   *Cf. id*. ("There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh sentence receives a slap on the wrist.") (citations omitted). *See also United States v. Ontiveros*, 07-CR-333, 2008 WL 2937539, at *3 (E.D.Wis. July 24, 2008) ("[A] sentence that is disproportionately

long in relation to the offense is unjust and likewise fails to promote respect [for the law]."). Likewise, there is no indication that a sentence within that range would curtail more people from receiving child pornography. As Judge Bennett stated in *United States v. Beiermann*, 599 F.Supp.2d 1087, 1103-04 (N.D. Iowa Feb. 24, 2009):

> [T]here is not a sliver of evidence in this sentencing record remotely supporting the notion that harsher punishment would reduce the flow of child pornography on the Internet. From the rapid growth of these cases that my colleagues around the country and I are seeing, we cannot sentence Internet users and sharers of child pornography fast enough or long enough to make a dent in the availability of such material on the Internet .. . [this] sentence should not be longer simply to satisfy an objective that, while laudable, is not being achieved according to any empirical or other evidence in this case or, for that matter, empirical evidence in any other case or source that I am aware of.

*See also United States v. Baird*, 580 F.Supp.2d 889, 895 (D. Neb. Jan. 11, 2008) (the "mere fact of ... prosecution [for child pornography possession] deters others from engaging in this sort of conduct, and a sentence of incarceration [of 24 months] will act as a further deterrent to others contemplating such activity. The value of any longer sentence as a deterrent, over and above these other factors, would be marginal.").

It is hard to imagine that sentencing Mr. Doyle to a probationary range for a case from 2014-2016 would make it more likely that more people will view child pornography. Consequently, consideration of this factor weighs in favor of sentencing Mr. Doyle to a sentence far below the advisory guideline range.

Consideration of the need to protect the public from future crimes of Mr. Doyle also weighs in favor of sentencing him far below the advisory guideline range. Indeed, as per FBI statistics, Mr. Doyle is 58 years old and has zero criminal history points, making it is far less likely that he will recidivate. According to the United States Sentencing Commission's May 2004 Report, "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines," at 12 and at http://www.ussc.gov/publicat/Recidivism_General.pdf "[r]ecidivism risk increases with each [Criminal History Category ("CHC")] . . . offenders in CHC I have a substantially lower risk of recidivating within two years (13.8%) than offenders in CHC VI (55.2%)." Generally, the longer the criminal record, the more likely the offender recidivates. Mr. Doyle is in criminal history category I, the category with the lowest recidivism rate.

Finally, with respect to recidivism, this Court should note that the fact that Mr. Doyle will be required to register as a sex offender and will likely have conditions imposed upon him during supervision that will limit and/or monitor computer access and being around minors. All of these factors will further decrease the likelihood of recidivism; thus, a lengthy term of imprisonment is not necessary to achieve this goal of sentencing.

11

Consideration of the remaining purposes of sentencing -- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner -- does not even weigh in favor of a term of imprisonment because these factors can be met without incarceration.

Because a sentence far below the applicable guideline range would sufficiently meet the goals of sentencing set forth in Section 3553(a)(2), consideration of this factor weighs in favor of a large variance in this extremely dated case. Anything longer would be greater than necessary to meet these goals of sentencing.

### **Conclusion**

WHEREFORE, counsel for Mr. Doyle respectfully requests that this court impose a sentence of probation with a period of home detention and other conditions set by the Court. Such a sentence is sufficient but not greater than necessary to meet the goals of sentencing.

Respectfully submitted,

*s/ Jay J. Finkelstein*
Jay J. Finkelstein
Assistant Federal Public Defender
PA Attorney I.D. No. 42943